IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| TERENCE R. JOHNSON,<br><br>     Appellant,<br><br>  v.<br><br>WASHINGTON STATE<br>DEPARTMENT OF LICENSING,<br><br>     Respondent. | No. 81646-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

COBURN, J. — Terence Johnson, unrepresented, appeared at Kirkland Municipal Court (Kirkland) hoping to be added to the court calendar. He wanted Kirkland to recall his legal financial obligations (LFOs) from collections and reset his next payment due date in light of his indigency. Kirkland staff told Johnson that they preferred he make his request by letter. Johnson complied and submitted a letter explaining his circumstances and his request. Kirkland did not set a hearing or respond to Johnson. Eventually, when Johnson failed to make a payment, Kirkland notified the Washington State Department of Licensing (DOL) which suspended Johnson's privilege to drive.

Evidence of this turn of events is what Johnson tried to get and submit to King County Superior Court to support his claim against DOL that, inter alia, it violated his right to due process by suspending his license before Kirkland afforded him a hearing to consider his indigency. However, the 2019 novel

Citations and pin cites are based on the Westlaw online version of the cited material.

coronavirus pandemic (COVID-19) prevented Johnson from timely obtaining the Kirkland records and timely responding to DOL's motion for summary judgment. Johnson submitted a late request to the superior court for a continuance. The next day, without oral argument because of COVID-19, the superior court granted DOL's motion for summary judgment. After Johnson moved for reconsideration, the superior court vacated its previous order, denied Johnson's request for a continuance, and again granted DOL's motion for summary judgment. We conclude the superior court abused its discretion when it denied Johnson's request for a continuance. We reverse the superior court's order granting DOL's motion for summary judgment. We remand to the superior court and order it to set a new summary judgment hearing, thereby giving Johnson an opportunity to submit additional discovery.

## FACTS[1]

In 2014, Johnson, unrepresented, pled guilty to driving under the influence in Kirkland. As part of his sentence, Kirkland imposed $4,068.91 in LFOs. The judgment and sentence directed Johnson to either pay the LFOs within 30 days or contact Signal Management to set up a payment plan within 30 days. The judgment and sentence also warned Johnson that his failure to pay or set up a payment plan "may result in additional late penalties and the matter will be referred to a collection agency. It may also result in a bench warrant and/or the suspension of your driving privileges."

---

[1] In reviewing summary judgment orders, we view all facts and reasonable inferences in the light most favorable to the nonmoving party. Elcon Constr., Inc. v. E. Wash. Univ., 174 Wn.2d 157, 164, 273 P.3d 965 (2012).

2

About a year later, Kirkland informed DOL of Johnson's failure to pay. DOL mailed Johnson a notice that it would suspend his driver's license if he did not resolve the payment issue with Kirkland. The notice also provided Johnson the option to contest the suspension by requesting an administrative review of DOL's proposed suspension. See RCW 46.20.245(2). Johnson timely requested an administrative review. DOL completed the review and informed Johnson of its decision to uphold the suspension. Johnson appealed DOL's decision in the King County Superior Court.[2]

While his appeal was pending in superior court, Johnson filed a petition for Chapter 13 Bankruptcy. The action of filing for bankruptcy automatically stayed all collection actions against Johnson including DOL's suspension of his license. Accordingly, DOL lifted Johnson's suspension and reissued his license, and the superior court dismissed his appeal as moot.

Then, in July 2017, the bankruptcy court dismissed Johnson's petition.[3] Without an active bankruptcy action, Johnson was again subject to the LFOs in Kirkland. Around fall 2017, Johnson's father became ill. Johnson became his

---

[2] Simultaneously, Johnson filed a civil complaint in the U.S. District Court for the Western District of Washington, which that court dismissed for failure to exhaust administrative remedies. Johnson v. Dep't of Licensing, No. C18-0147JLR (W.D. Wash. Feb. 26, 2018) (citing Johnson v. Dep't of Licensing, No. C15-0446MJP (W.D. Wash. June 22, 2015)). In January 2018, Johnson filed a second civil complaint against DOL in federal court. The federal court again dismissed that complaint because Johnson failed to exhaust his administrative remedies. Johnson v. Dep't of Licensing, No. C18-0147JLR (W.D. Wash. Feb. 26, 2018).

[3] According to Johnson, the court dismissed his bankruptcy petition because he "missed the Ch 13 listing date deadline by a week."

father's 24-hour caretaker. Instead of paying the LFOs, he used his money to purchase his father's medication.

Johnson contacted Kirkland to request relief. On August 28, 2017, Johnson went to Kirkland in person in hopes of getting a hearing, but the clerk told him that they preferred he submit his request in a written letter. The same day, Johnson wrote a letter to the Kirkland judge requesting he recall his LFOs from collections, asking for a later payment due date, and explaining his inability to pay. On August 31, the clerk forwarded a copy of the letter to the prosecutor and public defender. Despite Johnson's follow-up with Kirkland on September 5, it did not set a hearing, did not rule on Johnson's request, did not respond to Johnson's letter, and did not delay reporting Johnson's failure to pay to DOL.

After Johnson's bankruptcy petition was dismissed, in December 2017, Kirkland again notified DOL of Johnson's failure to pay, and DOL notified Johnson that it would suspend his license if it did not receive proof that he resolved the payment issue with Kirkland prior to the set suspension date.

On January 29, 2018, "in an attempt to negotiate a payment plan to avoid the suspension of his license[,]" Johnson contacted Kirkland's collection agency, Alliance One, who told Johnson that he had to make a minimum payment of $1,797. Johnson could not afford to make that payment. On February 4, DOL suspended his license.[4]

---

[4] Subsequently, the City of Mercer Island charged Johnson with the crime of driving with a suspended license in the third degree. More than one year after DOL suspended his license, during the May 7, 2019 hearing in Kirkland addressing electronic home monitoring, Kirkland reconsidered Johnson's LFOs. Kirkland removed Johnson's LFOs from collections, waived interest, reduced the

In September 2019, Johnson filed a second complaint against DOL in King County Superior Court. Johnson alleged DOL unlawfully suspended his license and requested inter alia "relief which the court finds equitable, appropriate or just" and "Ordering Mandamus requiring issuance of a License without improper restrictions."[5] DOL denied Johnson's claims and asserted affirmative defenses that Johnson failed to state a claim upon which the court could grant relief, that he lacked standing to bring the action, that his claims were frivolous, that he failed to exhaust his administrative remedies, and that DOL complied with the statutory requirements for suspending a license.

In January 2020, DOL moved for summary judgment. On February 14, the superior court notified Johnson that it would hold a summary judgment hearing on May 22. Because the hearing was set for May 22, Johnson's response was due May 11.[6]

On February 29, 2020, Washington State Governor Jay Inslee proclaimed a state of emergency due to COVID-19.[7] On March 4, the Washington Supreme Court authorized lower courts "to adopt, modify, and suspend court rules and orders, and to take further actions concerning court operations, as warranted to

---

amount he owed by half, and reduced his monthly payments to $50 per month. Then, Kirkland informed DOL that Johnson was eligible for licensure, and DOL reissued Johnson a license.

[5] Johnson also sought monetary damages, which the superior court denied. Johnson does not appeal that ruling.

[6] The party opposing a motion for summary judgment may file and serve a response no later than 11 calendar days before the hearing. CR 56(c).

[7] Proclamation of Governor Jay Inslee, No. 20-25 (Wash. Mar. 23, 2020), https://www.governor.wa.gov/sites/default/files/proclamations/20-50%20-%20COVID19%20Reducing%20Prison%20Population.pdf [https://perma.cc/PJ48-WAEY].

address the current public health emergency."[8]  On March 23, Governor Inslee

issued a "Stay Home-Stay Healthy" proclamation requiring Washington residents

to stay home except for essential reasons and all businesses except essential

businesses to close.  On March 27, King County Superior Court issued

Emergency Order #15 providing in relevant part,

> 2. All civil motions shall be heard without oral argument unless
> specifically requested by the assigned judge.  The parties may
> request oral argument, but the decision will be left to the assigned
> judge.
> 3. If the Court requests oral argument, it will be conducted by
> telephone, video, or other electronic means.
> . . .
> 6. The Court is aware that parties may face difficulties in timely
> responding to motions for personal or case (.i.e., [sic] discovery)
> reasons related to COVID-19.  Parties may request a continuance
> related to COVID-19 from the Court and such requests will be
> liberally granted.[9]

Because of COVID-19, Johnson could not access the municipal, superior,

or federal courts' records, libraries, and other resources.  Additionally, Johnson

suffered a stroke and was hospitalized April 1-2, 2020.  The stroke caused

Johnson to experience "difficulties in focusing and concentrating on my personal

affairs, including this litigation."  COVID-19 and the stroke affected Johnson's

---

[8] Order, No. 25700-B-602, In re Response by Washington State Courts to the Public Health Emergency in Washington State (Wash. Mar. 4, 2020), http://www.courts.wa.gov/content/publicUpload/Supreme%20Court%20Orders/SC%20Order%20Closure%2025700-B-602.pdf [https://perma.cc/MF47-TY8W].

[9] Emergency Order No. 15 re Civil and Family Law Matters, In re Response by King County Superior Court to the Public Health Emergency in Washington State (King County Super. Ct., Wash. Mar. 27, 2020), https://kingcounty.gov/~/media/courts/superior-court/docs/COVID-19/FILED-Emergency-Order15-KCSC-200120505.ashx?la=en [https://perma.cc/2QF3-UPRL].

ability to prepare and timely file a response to DOL's motion for summary judgment.

On April 7, 2020, DOL emailed Johnson and the superior court asking, due to COVID-19, whether the court would hear its motion for summary judgment telephonically or without oral argument. The same day, without copying the court, Johnson replied to DOL's email "I will demand oral argument." On April 24, the superior court emailed both parties that per Emergency Order #15 they could request a telephonic or video oral argument. Johnson did not request an oral argument.

On May 19, 2020, Johnson filed his response to DOL's motion for summary judgment. Johnson requested an in-person oral argument on the motion for summary judgment and requested a continuance so that he could obtain court records and access the court resources that were closed due to COVID-19. The same day, he followed up his filing by emailing DOL and the superior court judge to explain his broken computer and the court closures caused "this un [sic] avoidable delay."

The next day, on May 20, without holding oral argument, the superior court granted DOL summary judgment and dismissed Johnson's claims with prejudice. The superior court wrote, while the hearing had been set for May 22, "[n]o opposition was filed." The order further explained, "King County Emergency Order #15 waives the requirement of oral argument provided in LCR 56. All civil motions shall be heard without oral argument unless specifically requested by the

assigned judge. The undersigned declined to request oral argument in this case, and decides the motion on the written filings."

On June 2, 2020, now represented by legal counsel, Johnson filed a motion to reconsider and to vacate the order granting summary judgment. Johnson again explained his response to DOL's motion for summary judgment was untimely because of his inability to access court records due to COVID-19 closures and his stroke.

The superior court granted Johnson's motion for reconsideration and vacated its order granting summary judgment, explaining it had not considered Johnson's untimely response because it was unaware of it prior to issuing its ruling. On reconsideration, the superior court denied Johnson's request for a continuance and granted DOL summary judgment. Johnson appeals the order denying the continuance and granting summary judgment.[10]

## DISCUSSION

We agree with Johnson's contention that the superior court abused its discretion by denying his motion to continue the summary judgment hearing.

Summary judgment is appropriate if there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. CR 56(c). CR 56(f) provides that a party opposing a motion for summary judgment may request, and the trial court may grant, a continuance to obtain additional

---

[10] Attached to his appellate brief are records Johnson obtained after the superior court dismissed his claims. DOL did not ask to strike those records from our consideration. We may take additional evidence if it would fairly resolve issues on appeal and serve the ends of justice. RAP 9.11.

discovery "that will justify its opposition to summary judgment." West v. Seattle Port Comm'n, 194 Wn. App. 821, 833, 380 P.3d 82 (2016). We review the superior court's CR 56(f) ruling for abuse of discretion. Id. at 834. A superior court abuses its discretion when its decision is manifestly unreasonable or based on untenable grounds or reasons. Id.

In ordinary times, "the court 'may deny a motion for a continuance when (1) the moving party does not offer a good reason for the delay in obtaining the evidence; (2) the moving party does not state what evidence would be established through the additional discovery; or (3) the evidence sought will not raise a genuine issue of fact.' " Id. at 833-34 (quoting Coggle v. Snow, 56 Wn. App. 499, 507, 784 P.2d 554 (1990)). However, these were not ordinary times and the application of CR 56(f) stood in the shadow of King County Superior Court's own emergency order recognizing that COVID-19 might cause parties to face difficulties in timely responding to motions.

The emergency order permitted parties to request a continuance related to COVID-19 and provided that "such requests will be liberally granted."[11] However, on reconsideration, the superior court denied Johnson's request for a continuance because:

> Plaintiff has had so long to respond and presents no persuasive reasons for a continuance. . . . Plaintiff has not satisfied the

---

[11] Emergency Order No. 15 re Civil and Family Law Matters, In re Response by King County Superior Court to the Public Health Emergency in Washington State (King County Super. Ct., Wash. Mar. 27, 2020), https://kingcounty.gov/~/media/courts/superior-court/docs/COVID-19/FILED-Emergency-Order15-KCSC-200120505.ashx?la=en [https://perma.cc/2QF3-UPRL].

requirements of CR 56(f) to justify a continuance; Plaintiff has not
indicated what additional evidence is essential to a determination
that he has not put before the Court, and his general statements
are not persuasive.

Johnson offered "a good reason for the delay in obtaining evidence," and for needing a continuance. He explained he could not conduct research and collect court records earlier because the courts and libraries were closed or were not "open for normal business" in response to COVID-19. He explicitly wrote, "resources . . . have not been available to me the last two plus months." With the response due in May, Johnson provided a reasonable explanation as to how COVID-19 closures prevented him from obtaining records, conducting research, and timely responding to DOL's motion.

The superior court also denied Johnson's request for a continuance because his "general statements" about the records he wished to obtain were not persuasive enough to defeat DOL's summary judgment motion. But the records Johnson wanted to obtain included the Kirkland records that establish facts beyond "general statements." The records show that Johnson requested Kirkland consider his indigency, and that without consideration of his request, Kirkland notified DOL of his failure to pay and DOL suspended Johnson's license. DOL's administrative review process would not have permitted Johnson to raise the issues of his indigency or of Kirkland's failure to consider his indigency before reporting him to DOL.[12] DOL argues that,

---

[12] DOL's administrative review is limited to determining "(i) Whether the records relied on by the department identify the correct person; and (ii) Whether the information transmitted from the court or other reporting agency or entity regarding the person accurately describes the action taken by the court or other reporting agency or entity." RCW 46.20.245(2)(b).

under RCW 46.20.289, it was required to suspend Johnson's license upon receiving notice from a court that Johnson had failed to pay monetary fees and penalties, and that the municipal court that imposed the fines—not the Department—was the only entity statutorily authorized to inquire into Johnson's ability to pay those monetary obligations.

"The Supreme Court of the United States has held that the due process and equal protection clauses prevent a state from invidiously discriminating against, or arbitrarily punishing, indigent defendants for their failure to pay fines they cannot pay." State v. Johnson, 179 Wn.2d 534, 552-55, 316 P.3d 1090 (2014) (citing Bearden v. Georgia, 461 U.S. 660, 665, 103 S. Ct. 2064, 76 L. Ed. 2d 221 (1983)). The records Johnson could not timely obtain during the pandemic go to the heart of his due process claim.

We reverse the superior court's order granting DOL's motion for summary judgment. We remand to the superior court and order it to set a new summary judgment hearing, thereby giving Johnson an opportunity to submit additional discovery.

_____
Coburn, J.

WE CONCUR:

_____     _____
Bowman, J.                                              Smith, J.